Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the case as made by the bill and proceedings was proper for the jurisdiction of a Court of equity, upon the ground of the fraudulent combination alleged to have been entered into between Nathaniel Perkins and Binford, by which the latter was charged with seeking to avail himself of the legal title he retained to the mill and land in the proceedings mentioned, and the agreement for a rent charge, to protect the property of said N. Perkins from the claims of his creditors, and to overreach the claims of the creditors secured by prior mortgages. And as the fraudulent character of the arrangement between the parties could only be ascertained by an enquiry into the real nature and object of the deeds and contracts of the parties, in relation to the land in the proceedings mentioned, it was proper, under the circumstances, to bring the parties before a Court of equity, where the whole subject could be investigated, rather than to proceed at law and attempt to establish the fraud before a jury in an action for the recovery of the mortgaged slaves. The bill further charges, that even if the claims of Binford were valid, the mill, and other property to which he had an exclusive lien, was more than sufficient to secure to Binford all the debts due to him by Perkins, without interfering with the fund set apart by the mortgages to secure the appellant’s intestate and others; and upon the familiar doctrine of marshalling securities, this would have furnished a ground for going into a Court of equity. The Court is further of opinion, that even *624 if the question of the jurisdiction of a Court of equity had been doubtful upon the case as presented by the bill, yet as it appears that the Court, by its order of the 15th of March 1821, at the instance of the defendants, and without any objection to its jurisdiction, took possession of the slaves in controversy and directed them to be sold; and has since held and controlled the proceeds, and thus put it out of the power of the appellant’s intestate ever to recover the subject at law; it was too late for the defendants to raise the objection to the jurisdiction after these proceedings had at their instance; and it was the duty of the Court to go on and dispose of the fund thus placed under its control, according to the rights of the parties. And the Court is further of opinion, that according to the pretensions of the defendant Binford himself, his claim was that of a creditor for the purchase money; the lease reserving a rent charge could be merely construed as a security for the instalments of the purchase money as they fell due ; and the circumstances of the case sufficiently shew, that it was a fraudulent device, resorted to for the purpose of overreaching the prior liens and shielding the personal property of said N. Perkins from the claims of other creditors. The Court is therefore of opinion, that the appellant, and the other creditors provided for in the deeds bearing date the 4th day of April 1817, and the 25th day of August 1817, between said N. Perkins and the appellant’s intestate, and the said N. Perkins and Walter L. Fontaine and Robert Hill, are, as against the appellee Binford, entitled to have the proceeds arising from the sale of the property described in said deeds, applied to the payment of their debts. But as the parties interested in said two deeds are not all before the Court, the cause is not in a condition for a decree disposing of the proceeds between them. It is therefore considered, that the decree dismissing the bill is erroneous, and is reversed with costs; and the cause *625 is remanded with directions to have the creditors interested in the deed of 25th August 1817, made parties, to have the fund under the control of the Court collected, if not at this time in the hands of the receiver, and for its application to the debts secured by the said deeds of the 4th of April and the 25th August. 1817, according to the rights of the parties interested in said deeds, as they may be adjudicated when the proper parties are before the Court, and for further proceedings in order to a final decree according to the principles of this decree. Which is ordered to be certified.